HENRY & YEIZER v. M. D. HUGHEY.

**Note — Want of Consideration — Burden of Proof.**

In a suit on a note, where the plea of no consideration is relied on as defense, which was controverted by reply, the burden of proof is on the defendant.

**Purchase of Land by Insolvent Husband — Deed to Wife — Fraud.**

The proof shows that the land was paid for by the husband, and the deed made to the wife while he was insolvent, and after the note was executed. *Held,* that the conveyance to the wife was procured to be made to her in fraud of the rights of the holder of the note.

APPEAL FROM LYON CIRCUIT COURT.

January 14, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

This was a suit in equity seeking to subject a tract of about 120 acres of land, conveyed by James L. Dallam to Rebecca Ann Hughey, wife of Michael D. Hughey, by deed dated March 10, 1852, or so much as necessary thereof to the payment of a promis-

sory note on said M. D. Hughey for $287.34, dated 25th December, 1841, credited by $4.98 as paid 24th July, 1843, and by $50, paid September 6, 1845.

The petition alleges that M. D. Hughey was, at the date of said deed, hopelessly insolvent, and, that although he was the real owner of the land, he had fraudulently procured the deed to be made to his wife by Dallam for the purpose of hindering and delaying his creditors.

The answer does not controvert the charge of insolvency, but it does deny the alleged fraudulent object of Hughey in having the deed made to his wife, and says his wife had jointly with him to pay for the land, and he had promised to have it conveyed to her.

The answer further avers that the note was procured from him by fraud, and false and fraudulent representations on the part of Samuel P. L. Marshall, one of the original payees of the note, and that the note was given for no consideration. Various antecedent transactions between him and the Marshalls, to whom the note was given, are set up, upon which he claims that they were indebted to him more than the amount of the note at the time it was given, which is controverted by the reply of the plaintiff.

The Circuit Court having dismissed the petition, this appeal is prosecuted from the judgment.

In relation to the defense to the note it will be sufficient to observe that it is not sustained by any evidence, and, as by the pleadings, the burden of proving the defense was devolved on the defendant, there was no ground for adjudging the note fraudulent or without consideration, or that the right of action upon it was otherwise barred.

And, in regard to the deed, although the petition as to that is sufficiently controverted by the answer filed by the guardian *ad litem* of the infant children of Mrs. Hughey, yet, as the insolvency of M. D. Hughey is in effect admitted, and the deposition of Calb, the only witness examined, establishes the fact that the land was paid for by the means of M. D. Hughey, we are constrained to the conclusion that the conveyance to Rebecca A. Hughey was procured to be made to her in fraud of the rights of the holders of said note, and the Circuit Court should have so adjudged, and subjected the land, or so much thereof as was necessary, to sale to satisfy the plaintiffs' debt and costs.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.